1  Wendy M. Schenk (SBN CA 177397)
   wschenk@selmanlaw.com
2  SELMAN LEICHENGER EDSON
   HSU NEWMAN & MOORE LLP
3  33 New Montgomery, Suite 1850
   San Francisco, CA 94105
4  Telephone: 415.979.0400

5  Sheryl W. Leichenger (SBN CA 161688)
   sleichenger@selmanlaw.com
6  SELMAN LEICHENGER EDSON
   HSU NEWMAN & MOORE LLP
7  10880 Wilshire Blvd., Suite 1200
   Los Angeles, CA 90024
8  Telephone: 310.445.0800

9  Attorneys for Plaintiff
   SCOTTSDALE INSURANCE COMPANY

10

11                    UNITED STATES DISTRICT COURT

12                    EASTERN DISTRICT OF CALIFORNIA

13

14  SCOTTSDALE INSURANCE COMPANY,          Case No.

15              Plaintiff,                 COMPLAINT OF PLAINTIFF
                                           SCOTTSDALE INSURANCE COMPANY
16        v.                               FOR RESCISSION AND
                                           DECLARATORY JUDGMENT
17  THE FELLOWSHIP OF FRIENDS, INC.,
    RENAISSANCE VINEYARD AND WINERY,
18  INC., ROBERT BURTON, and defendants sued by
    their pseudonyms: JOHN ROE 1, JOHN ROE 2,
19  JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, JOHN
    ROE 6, JOHN ROE 7, JOHN ROE 8, JOHN ROE
20  9, JOHN ROE 10, JOHN ROE 11, JOHN ROE 12,
    and DOES 1-100,
21
              Defendants.
22

23        Plaintiff, Scottsdale Insurance Company ("Scottsdale"), hereby alleges as follows:

24                              **THE PARTIES**

25        1.      Defendants JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE

26  5, JOHN ROE 6, JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, JOHN ROE 11, and

27  JOHN ROE 12 identified themselves in the underlying actions by their pseudonyms given the nature

28  of their claims alleging sexual abuse and molestation.  Their identities are unknown to Scottsdale,

1

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

1    who therefore sues those defendants herein using their pseudonyms.  (See **EXHIBIT 1**, **EXHIBIT**

2    **2**, and **EXHIBIT 3**.)  If required by the Court, Scottsdale will file an Amended Complaint inserting

3    the true identities of those defendants named herein by their pseudonyms (pursuant to a stipulated

4    protective order and/or under seal) when Scottsdale learns the identities of those defendants.

5        2.    Scottsdale is a corporation organized and existing under the laws of the State of Ohio

6    with its principal place of business in Scottsdale, Arizona.

7        3.    Scottsdale was and is, at all times relevant herein, authorized to do business in the

8    State of California as a surplus lines insurer.

9        4.    Scottsdale is informed and believes, and based thereon alleges, that defendant, The

10   Fellowship of Friends, Inc. (the "Fellowship"), is at all times relevant herein was, a non-profit

11   religious California corporation with its headquarters and principal place of business located at

12   12585 Rices Crossing Road, in the City of Oregon House, in the County of Yuba, California.

13       5.    Scottsdale is informed and believes, and based thereon alleges, that the Fellowship

14   is, and at all times relevant herein was, authorized to conduct business in the State of California.

15       6.    Scottsdale is informed and believes, and based thereon alleges, that defendant,

16   Renaissance Vineyard & Winery, Inc. ("RVW") is, and at all times relevant was, a California

17   corporation with its principal place of business located at 12585 Rices Crossing Road, in the City

18   of Oregon House, in the County of Yuba, California.

19       7.    Scottsdale is informed and believes, and based thereon alleges, that RVW is, and at

20   all times relevant herein was, authorized to conduct business in the State of California.

21       8.    Scottsdale is informed and believes, and based thereon alleges that RVW is, and at

22   all relevant times herein was, a wholly owned subsidiary of the Fellowship, such that a unity of

23   ownership and interests exists between the Fellowship and RVW.

24       9.    Scottsdale is informed and believes, and based thereon alleges, that defendant,

25   Robert Burton ("Burton"), is at all times relevant herein was, a resident of Yuba County,

26   California.

27       10.   Scottsdale is informed and believes, and based thereon alleges, that Burton is, and

28   all times relevant herein was, the leader of the Fellowship and also one of its employees.

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

2

11.     On or around November 20, 2023, defendants, JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 filed a Complaint in an underlying action entitled *John Roe 1, et al. v. Robert Burton, et al*., Yuba County Superior Court, Case No. CVPO23-01227. That underlying action was filed against the Fellowship, Burton, and RVW.  On or around December 15, 2023, Defendants, JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 filed a First Amended Complaint in Yuba County Superior Court Case No. CPO23-01227.  A true and correct copy of that First Amended Complaint is attached hereto as **EXHIBIT 1**.  Without admitting the truth of any of the allegations contain in the First Amended Complaint attached hereto as **EXHIBIT 1**, which Scottsdale expressly denies, Scottsdale hereby incorporates by reference the allegations contained in that First Amended Complaint as if set forth herein in full.

12.     Due to the nature of the allegations contained in Case No. CVPO23-01227, JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6, as alleged victims of sexual abuse, identified themselves using pseudonyms (**EXHIBIT 1**, First Amended Complaint, ¶¶ 1, 10-11).  Scottsdale is informed and believes, and based thereon alleges, that the true names of the JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6, inclusive, are unknown to Scottsdale, who therefore sues those defendants herein using their pseudonyms.

13.     Scottsdale is informed and believes, and based thereon alleges, that JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6, are adult males who are, and at all times relevant herein were, residents of the State of California, who were members of the Fellowship who allege they were victims of sexual abuse that occurred in Yuba County, California (**EXHIBIT 1**, First Amended Complaint, ¶ 10.)

14.     On or around December 29, 2023, defendants, JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, and JOHN ROE 11 filed a Complaint in an underlying action entitled *John Roe 7, et al. v. The Fellowship of Friends, Inc., et al.,* Yuba County Superior Court, Case No. CVPO23-01339 against the Fellowship, Burton, and RVW. A true and correct copy of the Complaint filed in Case No. CVPO23-01139 is attached hereto as **EXHIBIT 2**.  Without admitting the truth of

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

3

1  any of the allegations contain in the Complaint attached hereto as **EXHIBIT 2**, which Scottsdale

2  expressly denies, Scottsdale hereby incorporates by reference the allegations contained in that

3  Complaint as if set forth herein in full.

4        15.    Due to the nature of the allegations contained in Case No. CVPO23-01139, JOHN

5  ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, and JOHN ROE 11, as alleged victims of

6  sexual abuse, identified themselves using pseudonyms. (**EXHIBIT 2**, Complaint, ¶¶ 1, 10-11).

7  Scottsdale is informed and believes, and based thereon alleges, that the true names of JOHN ROE

8  7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, and JOHN ROE 11, inclusive, are unknown to

9  Scottsdale, who therefore sues those defendants using their pseudonyms.

10       16.    Scottsdale is informed and believes, and based thereon alleges, that JOHN ROE 7,

11 JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, and JOHN ROE 11 are adult males who are, and at

12 all times relevant herein were, residents of the State of California, who were members of the

13 Fellowship and allege they were victims of sexual abuse that occurred in Yuba County, California

14 (**EXHIBIT 2**, Complaint, ¶ 10.)

15       17.    On or around January 2,2024, defendant, JOHN ROE 12, filed a Complaint in an

16 underlying action entitled *John Roe 12 v. The Fellowship of Friends, Inc., et al.,* Yuba County

17 Superior Court, Case No. CVPO24-00001, against the Fellowship, Burton, and RVW.  A true and

18 correct copy of the Complaint filed by JOHN ROE 12 is attached hereto as **EXHIBIT 3**.  Without

19 admitting the truth of any of the allegations contain in the Complaint attached hereto as **EXHIBIT**

20 **3**, which Scottsdale expressly denies, Scottsdale hereby incorporates by reference the allegations

21 contained in that Complaint as if set forth herein in full.

22       18.    Due to the nature of the allegations contained in Case No. CVPO24-00001, JOHN

23 ROE 12, as an alleged victim of sexual abuse, identified himself using a pseudonym. Scottsdale is

24 informed and believes, and based thereon alleges, that the true name of the defendant named herein

25 as JOHN ROE 12 is unknown to Scottsdale, who therefore sues that defendant by his pseudonym

26 (**EXHIBIT 3**, Complaint, ¶¶ 1, 10-11.)

27       19.    Scottsdale is informed and believes, and based thereon alleges, that Defendant,

28 JOHN ROE 12, is an adult male who is, and at all times relevant herein was, a resident of the State

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

4

1  of California, who was a member of the Fellowship and alleges he was a victims of sexual abuse

2  that occurred in Yuba County, California (**EXHIBIT 3**, Complaint, ¶ 10.)

3       20.    Scottsdale is informed and believes, and thereon alleges, that the true names and

4  capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as

5  DOES 1 through 100, inclusive, are unknown to Scottsdale, who therefore sues those defendants by

6  such fictitious names. Scottsdale is informed and believes, and based thereon alleges, that each

7  fictionally named DOE defendant has, or claims to have, an interest in the Scottsdale insurance

8  policies described in this Complaint, the exact nature of which is unknown to Scottsdale. Scottsdale

9  is entitled to the relief sought herein against all these fictitious defendants. Scottsdale therefore sues

10  these defendants by their fictitious names and will insert their true names and capacities when

11  obtained, together with charging allegations if not already set forth herein.

12       21.    Scottsdale is informed and believes, and based thereon alleges, that at all material

13  times herein alleged, the defendants, DOES 1 through 100, inclusive, were the agents, servants,

14  employees, members, associates, shareholders, officers, directors, joint venturers, and/or alter egos

15  of the other defendants, and each of them.

16       22.    While the Fellowship and RVW are the Named Insureds under the insurance policies

17  issued by Scottsdale that are identified in this Complaint, Scottsdale is informed and believes, and

18  based thereon alleges, that defendants, JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4,

19  JOHN ROE 5, JOHN ROE 6, JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, JOHN

20  ROE 11, and JOHN ROE 12, and DOES 1 through 100, inclusive, each is a necessary party to this

21  action because they have, or it is believed they will have, claims against the Fellowship and RVW

22  for which, if they obtain entry of a judgment against the Fellowship and RVW, they may seek

23  recovery from Scottsdale under the insurance policies issued to the Fellowship and RVW pursuant

24  to California Insurance Code §11580(b)(2) which provides that whenever judgment is secured

25  against the insured in an action based upon bodily injury, death, or property damage, then an action

26  may be brought against the insurer on the policy and subject to its terms and limitation, by such

27  judgment creditor to recover on the judgment.

28  / / /

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

5

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

**JURISDICTION**

23. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 2201-2202, because Scottsdale seeks a declaratory judgment regarding its duties, or lack thereof, to defend and/or indemnify the Fellowship, Burton, and RVW, with respect to the alleged injuries and damages sought by JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, JOHN ROE 6, JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, JOHN ROE 11, and JOHN ROE 12 in Yuba County Superior Court Case Nos. CVPO23-01227, CVPO23-01339, and CVPO24-00001 (hereinafter collectively referred to as the "Underlying Actions").

24. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 2201-2202 because an actual controversy exists within the Court's jurisdiction that merits relief.

25. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000 and this action is between citizens of different states. JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, JOHN ROE 6, JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, JOHN ROE 11, and JOHN ROE 12, each seeks an amount in excess of $25,000. (**EXHIBIT 1**, First Amended Complaint, ¶ 9; **EXHIBIT 2**, Complaint, ¶ 9; **EXHIBIT 3**, Complaint ¶ 9.)

26. This court has personal jurisdiction over the defendants, and each of them, as they are residents of California and have purposely availed themselves of the privilege of conducting activities in California. Further, the Underlying Actions at issue arose out of defendants' activities in Yuba County, California. Thus, it is reasonable for defendants to be subject to jurisdiction in California.

**VENUE**

27. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. §1391 because the Underlying Actions for which defendants seek coverage are currently pending in the Superior Court of California, County of Yuba.

28. Venue is proper in the Eastern District of California because the insurance applications submitted by the Fellowship and RVW, and which are the subject of this rescission action, were prepared in this judicial district.

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

29.     Venue is proper in the Eastern District of California because defendants, JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, JOHN ROE 6, JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, JOHN ROE 11, and JOHN ROE 12, allege injuries and seek damages as a result of sexual abuse which they claim occurred in Yuba County, California.

30.     Venue is also proper in the Eastern District of California pursuant to 28 U.S.C. §1391 because defendants, the Fellowship and RVW, and each of them, are businesses authorized to conduct business in California, and are thus subject to personal jurisdiction here.  Venue is therefore proper pursuant to 28 U.S.C. ¶ 1391(b) and 28 U.S.C., ¶ 1391(c).

## THE SCOTTSDALE POLICIES

31.     On or around August 16, 2005, the Fellowship and RVW applied for a commercial insurance policy with Scottsdale.  A true and correct copy of the relevant pages of the insurance application (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) submitted to Scottsdale (the "2005 Application") is attached hereto as **EXHIBIT 4** and incorporated herein by reference as if set forth in full.

32.     Within the 2005 Application, on the page Bates Stamped SIC000131, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

> ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

33.     Within the 2005 Application, on the page Bates Stamped SIC000131, under the section entitled "General Information," reads in part:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND CERTIFIES THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION.  HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

34.     The 2005 Application was signed by Karen Johnston, an executive officer of the Fellowship.

7

380 106583 4933-2764-8507 .v4

35.     In reliance upon the truthfulness and accuracy of the statements made in the 2005 Application, Scottsdale issued Policy No. CLS1186383 (effective September 19, 2005 to September 2006) to the Fellowship and RVW (the "2005-2006 Policy") and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 12 04, subject to various terms, conditions, and endorsements. A true and correct copy of the 2005-2006 Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 5** and incorporated herein by reference as if set forth in full.

36.     The 2005-2006 Policy contains the following exclusion pursuant to endorsement form GLS-45s (8-04):

---

**SEXUAL AND/OR PHYSICAL ABUSE EXCLUSION**

**This endorsement modifies insurance provided under:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**PROFESSIONAL LIABILITY COVERAGE PART**
**ERRORS AND OMISSIONS COVERAGE PART**

This policy does not apply to any injury sustained by any person arising out of or resulting from "Sexual and/or Physical abuse" by:

1.     any insured;
2.     any of your "Employees";
3.     any person performing volunteer services for you or on your behalf; or
4.     any other person.

We shall not have any duty to defend any suit against you seeking "damages" on account of any such injury.

The intent of this endorsement is to exclude all injury sustained by any person, including emotional distress, arising out of "Sexual and/or Physical abuse" including but not limited to "Sexual and/or Physical abuse" caused by negligent employment, investigation, supervision, or reporting to the proper authorities, or failure to so report, or retention of a person for whom any insured is or ever was legally responsible.

The following Definitions are added to the policy:

1.     "Sexual and/or Physical abuse" means sexual or physical injury or abuse, including but not limited to assault and battery, negligent or deliberate touching, corporal punishment and mental abuse.

---

8

2.    "Employee" means any person, other than a person insured, in your employment, including, but not limited to:

    a.    persons with child caring responsibilities;

    b.    attendants;

    c.    janitors;

    d.    bus drivers; and

    e.    volunteer workers;

3.    "Damages means all damages, including damages for death, which are payable because of injury to which his insurance applies.

All other terms and conditions remain unchanged.

37.    The 2005-2006 Policy contains a separate Sexual and/or Physical Abuse Liability Coverage Form (GLS-44s (12-04)), which provides limited coverage for claims involving sexual and/or physical abuse.  Limits of liability under this form are $25,000.00 each claim, and $50,000.00 aggregate.  Endorsement form GLs-44s (12-04) provides, in relevant part, as follows:

---

**I.    COVERAGES – SEXUAL AND/OR PHYSICAL ABUSE LIABILITY**

We will pay on your behalf all sums which you shall become legally obligated to pay as **DAMAGES** because of injury occurring during the policy period to any person, and arising out of **SEXUAL AND/OR PHYSICAL ABUSE**, caused by one of your **EMPLOYEES**, or arising out of your failure to properly supervise.   We shall have the right and duty to defend any suit against you seeking such **DAMAGES**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obligated to pay any claim or judgment or defend any suit after the applicable limit of our liability has been exhausted.

**II.    EXCLUSIONS**

This policy does not apply:

**(a)**    to any actual or alleged **SEXUAL AND/OR PHYSICAL ABUSE** by you or **PERSONS INSURED** (see Section III below);

**(b)**    to liability of others assumed by you under any contract or agreement, either oral or in writing, unless specifically endorsed hereon;

---

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

9

380 106583 4933-2764-8307 .v4

**(c)**   to any obligation for which you or any carrier as your insurer may be held liable under any workers' compensation, unemployment compensation or disability benefits law, or under any similar law.

\* \* \*

**(f)**   to any claim for punitive or exemplary damages.

### III.   PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

\* \* \*

**(c)**   If the Named Insured is designated in the **DECLARATIONS** as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

### IV.   LIMITS OF LIABILITIY

Regardless of the number of insureds under this policy, our liability is limited as follows:

The limit of liability stated in the schedule as applicable to each claim is the limit of our liability for all **DAMAGES** because of each claim or suit covered hereby. The limit of liability stated in the schedule as aggregate, subject to the above provision regarding each claim, is the total limit of our liability under this Coverage for all **DAMAGES**.

### V.   SUPPLMENTARY PAYMENTS

We will pay, in addition to the applicable limit of liability for **DAMAGES**, all interest on that amount of any judgment payable by us that accrues after entry of the judgment and before we have paid, offered to pay or deposited in court the amount available for the judgment.

### VI.   DEFINITIONS

**(a)**   **SEXUAL AND/OR PHYSICAL ABUSE** means sexual or physical injury or abuse, including assault and battery, negligent or deliberate touching.

**(b)**   **EMPLOYEE** means any person, other than a **PERSON INSURED**, in your employment, including but not limited to persons with child caring responsibilities, attendants, janitors, bus drivers and volunteer workers.

**(c)**   **DAMAGES** means all damages, including damages for death, which are payable because of injury to which this insurance applies.

10

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

38.     On or around August 21, 2006, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale.  A true and correct copy of the relevant pages of the commercial insurance application (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) submitted to Scottsdale (the "2006 Application") is attached as attached hereto as **EXHIBIT 6** and incorporated herein by reference as if set forth in full.

39.     Within the 2006 Application, on the page Bates Stamped SIC000207, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

> ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

40.     Within the 2006 Application, on the page Bates Stamped SIC000207, under the section entitled "General Information," reads in part:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND CERTIFIES THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION.  HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

41.     The 2006 Application was signed by Karen Johnston and the insurance broker for the Fellowship and RVW, J. Michael Malloy.

42.     Based on its reliance upon the truthfulness and accuracy of the statements made in the 2006 Application, Scottsdale issued Policy No. CLS1287269 (effective September 19, 2006 to September 19, 2007) to the Fellowship and RVW ("2006-2007 Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 12 04, subject to various endorsements.  A true and correct copy of the 2006-2007 Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 7** and incorporated herein by reference as if set forth in full.

43. The 2006-2007 Policy also contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)), as well as the separate Sexual and/or Physical Abuse Liability Coverage Form (endorsement form GLS-44s (12-04)), which provides limited coverage for claims involving sexual and/or physical abuse. Limits of liability under this form are $25,000.00 each claim, and $50,000.00 aggregate.

44. On or around August 29, 2007, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale. A true and correct copy of the relevant pages of the insurance application (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) submitted to Scottsdale (the "2007 Application") is attached hereto as **EXHIBIT 8** and incorporated herein by reference as if set forth in full.

45. Within the 2007 Application, on the page Bates Stamped SIC000284, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

> ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

46. Within the 2007 Application, on the page Bates Stamped SIC000284, under the section entitled "General Information," reads in part:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND CERTIFIES THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

47. The 2007 Application was signed by Karen Johnston, Vice President, and the insurance broker for the Fellowship and RVW, J. Michael Malloy.

48. In reliance upon the truthfulness and accuracy of the statements made in the 2007 Application and the prior applications submitted by the Fellowship and RVW, Scottsdale issued Policy No. CLS1417657 (effective September 19, 2007 to September 19, 2008) to the Fellowship and RVW (the "2007-2008 Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 12 04,

12

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

subject to various endorsements. A true and correct copy of the 2007-2008 Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 9** and incorporated herein by reference as if set forth in full.

49.     The 2007-2008 Policy contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)), as well as the separate Sexual and/or Physical Abuse Liability Coverage Form (GLS-44s (12-04)), which provides limited coverage for claims involving sexual and/or physical abuse.  Limits of liability under this form are $25,000.00 each claim, and $50,000.00 aggregate.

50.     In or around August of 2008, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale (the "2008 Application").   Within the 2008 Application, the Fellowship and RVW did not disclose any past losses or claims relating to sexual abuse or molestation allegations.

51.     Based on its reliance upon the truthfulness and accuracy of the statements made in the 2008 Application and also the insurance applications previously submitted by the Fellowship and RVW, Scottsdale issued policy No. CLS1545657 (effective September 19, 2008 to September 19, 2009) to the Fellowship and RVW ("2008-2009 Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 12 07, subject to various endorsements. A true and correct copy of the 2008-2009 Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached as **EXHIBIT 10** and incorporated herein by reference as if set forth in full.

52.     The 2008-2009 Policy contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)) and the separate Sexual and/or Physical Abuse Liability Coverage Form (endorsement form GLS-44s (2-08)), which provides limited coverage for claims involving sexual and/or physical abuse.  Limits of liability under this form are $25,000.00 each claim, and $50,000.00 aggregate.

53.     Endorsement form GLs-44s (2-08) provides, in relevant part, as follows:

13

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

**I.     COVERAGES – SEXUAL AND/OR PHYSICAL ABUSE LIABILITY**

We will pay on your behalf all sums which you shall become legally obligated to pay as **DAMAGES** because of injury occurring during the policy period to any person, and arising out of **SEXUAL AND/OR PHYSICAL ABUSE**, caused by one of your **EMPLOYEES**, or arising out of your failure to properly supervise.   We shall have the right and duty to defend any suit against you seeking such **DAMAGES**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obligated to pay any claim or judgment or defend any suit after the applicable limit of our liability has been exhausted.

**II.     EXCLUSIONS**

This policy does not apply:

**(a)**     to any actual or alleged **SEXUAL AND/OR PHYSICAL ABUSE** by you or **PERSONS INSURED** (see Section III below);

**(b)**     to liability of others assumed by you under any contract or agreement, either oral or in writing, unless specifically endorsed hereon;

**(c)**     to any obligation for which you or any carrier as your insurer may be held liable under any workers' compensation, unemployment compensation or disability benefits law, or under any similar law.

* * *

**(f)**     to any claim for punitive or exemplary damages.

**(g)**     to any loss or claim arising from corporal punishment.

**III.     PERSONS INSURED**

Each of the following is an insured under this insurance to the extent set forth below:

* * *

(c)     If the Named Insured is designated in the **DECLARATIONS** as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

**IV.     LIMITS OF LIABILITIY**

Regardless of the number of insureds under this policy, our liability is limited as follows:

14

The limit of liability stated in the schedule as applicable to each claim is the limit of our liability for **DAMAGES** because of each claim or suit covered hereby. The limit of liability stated in the schedule as aggregate, subject to the above provision regarding each claim, is the total limit of our liability under this Coverage for all **DAMAGES**.

**V.    SUPPLMENTARY PAYMENTS**

We will pay, in addition to the applicable limit of liability for **DAMAGES**, all interest on that amount of any judgment payable by us that accrues after entry of the judgment and before we have paid, offered to pay or deposited in court the amount available for the judgment.

**VI.    DEFINITIONS**

**(a)    SEXUAL AND/OR PHYSICAL ABUSE** means sexual or physical injury or abuse, including assault and battery, negligent or deliberate touching.

**(b)    EMPLOYEE** means any person, other than a **PERSON INSURED**, in your employment, including but not limited to persons with child caring responsibilities, attendants, janitors, bus drivers and volunteer workers.

**(c)    DAMAGES** means all damages, including damages for death, which are payable because of injury to which this insurance applies.

54.    On or around August 26, 2009, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale. A true and correct copy of the relevant pages of the insurance application (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) submitted to Scottsdale (the "2009 Application") is attached hereto as **EXHIBIT 11** and incorporated herein by reference as if set forth in full.

55.    Within the 2009 Application, on the page Bates Stamped SIC000430, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

56.    Within the 2009 Application, on the page Bates Stamped SIC000430, under the section entitled "General Information," reads in part:

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

15

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND CERTIFIES THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION.  HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

57.     The 2009 Application was signed by Richard B. Knapp, VP Operations, and the insurance broker for the Fellowship and RVW, J. Michael Malloy.

58.     In reliance upon the truthfulness and accuracy of the statements made in the 2009 Application and the previous insurance applications submitted by the Fellowship and RVW, Scottsdale issued policy No. CPS1063451 (effective September 19, 2009 to September 19, 2010) to the Fellowship and RVW ("2009-2010 Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 12 07, subject to various endorsements.  A true and correct copy of the 2009-2010 Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 12** and incorporated herein by reference as if set forth in full.

59.     The 2009-2010 Policy contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)),  as well as the separate Sexual and/or Physical Abuse Liability Coverage Form (GLS-44s (2-08)), which provides limited coverage for claims involving sexual and/or physical abuse.  Limits of liability under this form are $25,000.00 each claim, and $50,000.00 aggregate.

60.     On or around August 30, 2010, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale.  A true and correct copy of the relevant pages of the insurance application (redacted to preserve confidential and privileged information of the Fellowship, RVW and/or Scottsdale) submitted to Scottsdale (the "2010 Primary Application") is attached hereto as **EXHIBIT 13** and incorporated herein by reference as if set forth in full.

61.     Within the 2010 Primary Application, on the page Bates Stamped SIC000509, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

16

380 106583 4933-2764-8307 .v4

1

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

> ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

62.    Within the 2010 Primary Application, on the page Bates Stamped SIC000509, under the section entitled "General Information," reads in part:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND CERTIFIES THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION.  HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

63.    The 2010 Primary Application was signed by V. Plein and the insurance broker for the Fellowship and RVW, J. Michael Malloy.

64.    In reliance upon the truthfulness and accuracy of the statements made in the 2010 Primary Application and the previous insurance applications submitted by the Fellowship and RVW, Scottsdale issued No. CPS1256548 (effective September 19, 2010 to September 19, 2011) to the Fellowship and RVW ("2010-2011 Primary Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 12 07, subject to various endorsements. A true and correct copy of the 2010-2011 Primary Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached as **EXHIBIT 14** and incorporated herein by reference as if set forth in full.

65.    The 2010-2011 Primary Policy contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)), as well as the separate Sexual and/or Physical Abuse Liability Coverage Form (GLS-44s (2-08)), which provides limited coverage for claims involving sexual and/or physical abuse.  Limits of liability under this form are $25,000.00 each claim, and $50,000.00 aggregate.

66.    On or around September 2, 2010, the Fellowship and RVW applied for an excess liability policy with Scottsdale.  A true and correct copy of the relevant pages of the excess insurance application (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) that was submitted to Scottsdale (the "2010 Excess

17

Application") is attached hereto as **EXHIBIT 15** and incorporated herein by reference as if set forth in full.

67.     Within the 2010 Excess Application, on the page Bates Stamped SIC000584, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

> ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

68.     Within the 2010 Excess Application, on the page Bates Stamped SIC000584, under the section entitled "General Information," reads in part:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

69.     The 2010 Excess Application was signed by V. Plein and the insurance broker for the Fellowship and RVW, J. Michael Malloy.

70.     Based on its reliance upon the truthfulness and accuracy of the statements made in the 2010 Excess Application and the previous insurance applications submitted by the Fellowship and RVW, Scottsdale issued Policy No. XLS0069474 (effective September 19, 2010 to September 19, 2011) to the Fellowship and RVW ( the "2010-2011 Excess Policy").  A true and correct copy of the 2010-2011 Excess Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 16** and incorporated herein by reference as if set forth in full.

71.     The 2010-2011 Excess Policy contains liability limits of $10,000,000, in excess of the limits of the scheduled underlying Scottsdale policy (the 2010-2011 Primary Policy).

72.     The 2010-2011 Excess Policy contains an Abuse or Molestation Exclusion (endorsement form XLS-1330 11-08) which provides as follows:

> ### ABUSE OR MOLESTATION EXCLUSION
>
> This endorsement modifies insurance provided under the following:

18

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

**COMMERCIAL EXCESS LIABILITY COVERAGE FORM**

The following exclusion is added to paragraph **2. Exclusions**:

> Insurance provided under this Coverage Part does not apply to:
>
> **Abuse Or Molestation**
>
> "Injury or damage" arising out of:
>
> a.  The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any injured; or
>
> b.  The negligent:
>
>> (1)  Employment;
>>
>> (2)  Investigation;
>>
>> (3)  Supervision;
>>
>> (4)  Reporting to the proper authorities, or failure to so report; or
>>
>> (5)  Retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph a. above.

73.    On or around August 10, 2011, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale. A true and correct copy of the relevant pages of the insurance application (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) submitted to Scottsdale (the "2011 Primary Application") is attached hereto as **EXHIBIT 17** and incorporated herein by reference as if set forth in full.

74.    Within the 2011 Primary Application, on the page Bates Stamped SIC000642, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

> ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

19

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

75.    Within the 2011 Primary Application, on the page Bates Stamped SIC000642, under the section entitled "General Information," reads in part:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND CERTIFIES THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION.  HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

76.    The 2011 Primary Application was signed by Gregory Holman and the insurance broker for the Fellowship and RVW, J. Michael Malloy.

77.    In reliance upon the truthfulness and accuracy of the statements made in the 2011 Primary Application and the previous insurance applications submitted by the Fellowship and RVW, Scottsdale issued No. CPS1445956 (effective September 19, 2011 to September 19, 2012) to the Fellowship and RVW (the "2011-2012 Primary Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 12 07, subject to various endorsements.  A true and correct copy of the 2011-2012 Primary Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 18** and incorporated herein by reference as if set forth in full.

78.    The 2011-2012 Primary Policy contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)),  as well as the separate Sexual and/or Physical Abuse Liability Coverage Form (endorsement form GLS-44s (9-10)), which provides limited coverage for claims involving sexual and/or physical abuse.  Limits of liability under this form are $25,000.00 each claim, and $50,000.00 aggregate.

79.    Endorsement Form GLS-44s (9-10) provides, in relevant part, as follows:

> I.    **COVERAGES – SEXUAL AND/OR PHYSICAL ABUSE LIABILITY**
>
> **(a)**    We will pay on your behalf all sums which you shall become legally obligated to pay as **DAMAGES** because of injury manifesting during the policy period to any person, and arising out of **SEXUAL AND/OR PHYSICAL ABUSE**, caused by one of your **EMPLOYEES**, or arising out of your failure to

properly supervise.   We shall have the right and duty to defend any suit against you seeking such **DAMAGES**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obligated to pay any claim or judgment or defend any suit after the applicable limit of our liability has been exhausted.

**(b)**     This insurance applies to **DAMAGES** from **SEXUAL AND/OR PHYSICAL ABUSE** only if the **SEXUAL AND/OR PHYSICAL ABUSE** takes place in the "coverage territory."

**II.     EXCLUSIONS**

This policy does not apply:

**(a)**     to any actual or alleged **SEXUAL AND/OR PHYSICAL ABUSE** by you or **PERSONS INSURED** (see Section III below);

**(b)**     to liability of others assumed by you under any contract or agreement, either oral or in writing, unless specifically endorsed hereon;

**(c)**     to any obligation for which you or any carrier as your insurer may be held liable under any workers' compensation, unemployment compensation or disability benefits law, or under any similar law.

\* \* \*

**(f)**     to any claim for punitive or exemplary damages.

**(g)**     to any loss or claim arising from corporal punishment.

**III.     PERSONS INSURED**

Each of the following is an insured under this insurance to the extent set forth below:

\* \* \*

**(c)**     If the Named Insured is designated in the **DECLARATIONS** as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

**IV.     LIMITS OF LIABILITIY**

Regardless of the number of insureds under this policy, our liability is limited as follows:

The limit of liability stated in the schedule as applicable to each claim is the limit of our liability for all **DAMAGES** because of each claim or suit covered hereby.   The limit of liability stated in the schedule as aggregate, subject to the above provision

21

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

regarding each claim, is the total limit of our liability under this Coverage for all **DAMAGES**.

**V.    SUPPLMENTARY PAYMENTS**

We will pay, in addition to the applicable limit of liability for **DAMAGES**, all interest on that amount of any judgment payable by us that accrues after entry of the judgment and before we have paid, offered to pay or deposited in court the amount available for the judgment.

**VI.    DEFINITIONS**

**(a)**    **SEXUAL AND/OR PHYSICAL ABUSE** means sexual or physical injury or abuse, including assault and battery, negligent or deliberate touching. Any multiple, continuous, or related acts of **SEXUAL AND/OR PHYSICAL ABUSE** against a single claimant or victim shall be treated as a single **SEXUAL AND/OR PHYSICAL ABUSE** claim for determining the Each Claim limits of insurance available under this coverage form regardless of the number of acts, events, conditions, injuries, perpetrators, claims, causes of action, theories of liability, lawsuits, or insurance policies in effect at any point during exposure to the **SEXUAL AND/OR PHYSICAL ABUSE.**

The **SEXUAL AND/OR PHYSICAL ABUSE** must have been manifested within the policy period.  The **SEXUAL AND/OR PHYSICAL ABUSE** shall be deemed to have been manifested as of the earliest date that any element of the **SEXUAL AND/OR PHYSICAL ABUSE** took place, regardless of whether such **SEXUAL AND/OR PHYSICAL** abuse was continuous or progressive.

**(b)**    **EMPLOYEE** means any person, other than a **PERSON INSURED**, in your employment, including but not limited to persons with child caring responsibilities, attendants, janitors, bus drivers and volunteer workers.

**(c)**    **DAMAGES** means all damages, including damages for death, which are payable because of injury to which this insurance applies.

80.    In or around September 2011, the Fellowship and RVW applied for an excess liability policy with Scottsdale ("2011 Excess Application").  Within the 2011 Excess Application, the Fellowship and RVW did not disclose any past losses or claims relating to sexual abuse or molestation allegations.

81.    In reliance upon the truthfulness and accuracy of the statements made in the 2011 Excess Application and the previous insurance applications submitted by the Fellowship and RVW, Scottsdale issued Policy No. XLS0077142 (effective September 19, 2011 to September 19, 2012)

22

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

Complaint Of Plaintiff Scottsdale Insurance Company

to the Fellowship and RVW (the "2011-2012 Excess Policy"). A true and correct copy of the 2011-2012 Excess Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 19** and incorporated herein by reference as if set forth in full. The 2011-2012 Excess Policy contains liability limits of $10,000,000, in excess of the limits of the scheduled underlying Scottsdale policy (the 2011-2012 Primary Policy).

82. The 2011-2012 Excess Policy contains an Abuse or Molestation Exclusion (endorsement form XLS-1330 11-08).

83. On or around August 8, 2012, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale. A true and correct copy of the relevant pages of the commercial insurance application (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) submitted to Scottsdale (the "2012 Application") is attached hereto as **EXHIBIT 20** and incorporated herein by reference as if set forth in full.

84. Within the 2012 Application, on the page Bates Stamped SIC000773, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

> ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

85. Within the 2012 Application, on the page Bates Stamped SIC000773, under the section entitled "General Information," reads in part:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND CERTIFIES THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

86. The 2012 Application was signed by Gregory Holman and the insurance broker for the Fellowship and RVW, J. Michael Malloy.

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 106583 4933-2764-8307 .v4

87.     Based upon its reliance upon the truthfulness and accuracy of the statements made in the 2012 Application and the previous insurance applications submitted by the Fellowship and RVW, Scottsdale issued Policy No. CPS1622282 to the Fellowship and RVW (effective September 19, 2012 to September 19, 2013) (the "2012-2013 Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 12 07, subject to various endorsements. A true and correct copy of the 2012-2013 Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 21** and incorporated herein by reference as if set forth in full.

88.     The 2012-2013 Policy contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)), as well as the separate Sexual and/or Physical Abuse Liability Coverage Form (GLS-44s (9-10)), which provides limited coverage for claims involving sexual and/or physical abuse. Limits of liability under this form are $25,000.00 each claim, and $50,000.00 aggregate.

89.     On or around August 23, 2013, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale. A true and correct copy of the relevant pages of the commercial insurance application (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) submitted to Scottsdale (the "2013 Application") is attached hereto as **EXHIBIT 22** and incorporated herein by reference as if set forth in full.

90.     Within the 2013 Application, on the page Bates Stamped SIC000945, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

> ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

91.     Within the 2013 Application, on the page Bates Stamped SIC000945, under the section entitled "General Information," reads in part:

24

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND CERTIFIES THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION.  HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

92.    The 2013 Application was signed by Gregory Holman and the insurance broker for the Fellowship and RVW, J. Michael Malloy.

93.    Based upon its reliance upon the truthfulness and accuracy of the statements made in the 2013 Application and the previous insurance applications submitted by the Fellowship and RVW, Scottsdale issued Policy No. CPS1852815 to the Fellowship and RVW (effective September 19, 2013 to September 19, 2014) (the "2013-2014 Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 04 13, subject to various endorsements.  A true and correct copy of the 2013-2014 Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 23** and incorporated herein by reference as if set forth in full.

94.    The 2013-2014 Policy contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)),  as well as the separate Sexual and/or Physical Abuse Liability Coverage Form (GLS-44s (9-10)), which provides limited coverage for claims involving sexual and/or physical abuse.  Limits of liability under this form are $25,000.00 each claim, and $50,000.00 aggregate.

95.    On or around August 14, 2014, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale (the "2014 Application").  Within the 2014 Application, the Fellowship and RVW did not disclose any past losses or claims relating to sexual abuse or molestation allegations.

96.    Based upon its reliance upon the truthfulness and accuracy of the statements made in the 2014 Application and the previous insurance applications submitted by the Fellowship and RVW, Scottsdale issued Policy No. CPS2101388 to the Fellowship and RVW (effective September 19, 2014 to September 19, 2015) (the "2014-2015 Policy"), and provided coverage to the Fellowship

25

and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 04 13, subject to various endorsements. A true and correct copy of the 2014-2015 Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship,

97.    RVW and/or Scottsdale) is attached hereto as **EXHIBIT 24** and incorporated herein by reference as if set forth in full.

98.    The 2014-2015 Policy contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)),  as well as the separate Sexual and/or Physical Abuse Liability Coverage Form (GLS-44s (9-10)), which provides limited coverage for claims involving sexual and/or physical abuse. Limits of liability under this form are $25,000.00 each claim, and $50,000.00 aggregate.

99.    In or around August 2015, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale (the "2015 Application").  Within the 2015 Application, the Fellowship and RVW did not disclose any past losses or claims relating to sexual abuse or molestation allegations.

100.    Based upon its reliance on the truthfulness and accuracy of the statements made in the 2015 Application and the previous insurance applications submitted by the Fellowship and RVW, Scottsdale issued Policy No. CPS2252009 to the Fellowship and RVW (effective September 19, 2015 to September 19, 2016) ("2015-2016 Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 04 13, subject to various endorsements. A true and correct copy of the 2015-2016 Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 25** and incorporated herein by reference as if set forth in full.

101.    The 2015-2016 Policy contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)), as well as the separate Sexual and/or Physical Abuse Liability Coverage Form (GLS-44s (9-10)), which provides limited coverage for claims involving sexual and/or physical abuse. Limits of liability under this form are $25,000.00 each claim, and $50,000.00 aggregate.

26

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

102.    On or around August 15, 2016, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale.  A true and correct copy of the relevant pages of the commercial insurance application (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) submitted to Scottsdale (the "2016 Application") is attached hereto as **EXHIBIT 26** and incorporated herein by reference as if set forth in full.

103.    Within the 2016 Application, on the page Bates Stamped SIC001309,  under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

> ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

104.    Within the 2016 Application, on the page Bates Stamped SIC001310, under the section entitled "Signature," reads in part:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND CERTIFIES THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION.  HE/SHE REPRESENTS THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

105.    The 2016 Application was signed by Gregory Holman, President and CEO, and by and the insurance broker for the Fellowship and RVW, J. Michael Malloy.

106.    Based upon its reliance on the truthfulness and accuracy of the statements made in the 2016 Application and the previous insurance applications submitted by the Fellowship and RVW, Scottsdale issued Policy No. CPS2522060 to the Fellowship and RVW (effective September 19, 2016 to September 19, 2017) (the "2016-2017 Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 04 13, subject to various endorsements.  A true and correct copy of the 2016-2017 Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 27** and incorporated herein by reference as if set forth in full.

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

107. The 2016-2017 Policy contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)), as well as the separate Sexual and/or Physical Abuse Liability Coverage Form (GLS-44s (9-10)), which provides limited coverage for claims involving sexual and/or physical abuse. Limits of liability under this form are $25,000.00 each claim, and $50,000.00 aggregate.

108. On or around July 10, 2017, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale. A true and correct copy of the relevant pages of the commercial insurance application (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) to Scottsdale (the "2017 Application") is attached hereto as **EXHIBIT 28** and incorporated herein by reference as if set forth in full.

109. Within the 2017 Application, on the page Bates Stamped SIC001450, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

> ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

110. Within the 2017 Application, on the page Bates Stamped SIC001451, under the section entitled "Signature," reads in part:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

111. The 2017 Application was signed by Gregory Holman and the insurance broker for the Fellowship and RVW, J. Michael Malloy.

112. Based on its reliance upon the truthfulness and accuracy of the statements made in the 2017 Application and the previous insurance applications submitted by the Fellowship and RVW, Scottsdale issued Policy No. CPS2892764 to the Fellowship and RVW (effective September 19, 2017 to September 19, 2018) (the "2017-2018 Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form

380 106583 4933-2764-8307 .v4

1  CG OO 01 04 13, subject to various endorsements. A true and correct copy of the 2016-2017 Policy

2  (redacted to preserve privileges and privacy rights of confidential information of the Fellowship,

3  RVW and/or Scottsdale) is attached hereto as **EXHIBIT 29** and incorporated herein by reference.

4      113.   The 2017-2018 Policy contains the Sexual And/Or Physical Abuse Exclusion

5  (endorsement form GLS-45s (8-04)), as well as the separate Sexual and/or Physical Abuse Liability

6  Coverage Form (GLS-44s (9-16)), which provides limited coverage for claims involving sexual

7  and/or physical abuse.  Limits of liability under this form are $25,000.00 each claim, and $50,000.00

8  aggregate.

9      114.   Endorsement Form GLS-44s (9-16) provides, in relevant part, as follows:

---

**I.     COVERAGES – SEXUAL AND/OR PHYSICAL ABUSE LIABILITY**

A.   We will pay on your behalf all sums which you shall become legally obligated to pay as **DAMAGES** because of injury manifesting during the policy period to any person, and arising out of **SEXUAL AND/OR PHYSICAL ABUSE**, caused by one of your **EMPLOYEES**, or arising out of your failure to properly supervise.  We shall have the right and duty to defend any suit against you seeking such **DAMAGES**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obligated to pay any claim or judgment or defend any suit after the applicable limit of our liability has been exhausted.

B.   This insurance applies to **DAMAGES** from **SEXUAL AND/OR PHYSICAL ABUSE** only if the **SEXUAL AND/OR PHYSICAL ABUSE** takes place in the "coverage territory."

**II.    EXCLUSIONS**

This policy does not apply:

A.   to any actual or alleged **SEXUAL AND/OR PHYSICAL ABUSE** by you or **PERSONS INSURED** (see **Section III** below);

B.   to liability of others assumed by you under any contract or agreement, either oral or in writing, unless specifically endorsed hereon;

C.   to any obligation for which you or any carrier as your insurer may be held liable under any workers' compensation, unemployment compensation or disability benefits law, or under any similar law.

---

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 106583 4933-2764-8307 .v4

* * *

**F.**    to any claim for punitive or exemplary damages.

**G.**    to any loss or claim arising from corporal punishment.

**III.    PERSONS INSURED**

Each of the following is an insured under this insurance to the extent set forth below:

* * *

**C.**    If the Named Insured is designated in the **DECLARATIONS** as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

**IV.    LIMITS OF LIABILITIY**

Regardless of the number of insureds under this policy, our liability is limited as follows:

The limit of liability stated in the schedule as applicable to each claim is the limit of our liability for all **DAMAGES** because of each claim or suit covered hereby. The limit of liability stated in the schedule as aggregate, subject to the above provision regarding each claim, is the total limit of our liability under this Coverage for all **DAMAGES**.

**V.    SUPPLMENTARY PAYMENTS**

We will pay, in addition to the applicable limit of liability for **DAMAGES**, all interest on that amount of any judgment payable by us that accrues after entry of the judgment and before we have paid, offered to pay or deposited in court the amount available for the judgment.

**VI.    DEFINITIONS**

**(a)**    **SEXUAL AND/OR PHYSICAL ABUSE** means sexual or physical injury or abuse, including assault and battery, negligent or deliberate touching. Any multiple, continuous, or related acts of **SEXUAL AND/OR PHYSICAL ABUSE** against a single claimant or victim shall be treated as a single **SEXUAL AND/OR PHYSICAL ABUSE** claim for determining the Each Claim limits of insurance available under this coverage form regardless of the number of acts, events, conditions, injuries, perpetrators, claims, causes of action, theories of liability, lawsuits, or insurance policies in effect at any point during exposure to the **SEXUAL AND/OR PHYSICAL ABUSE.**

The **SEXUAL AND/OR PHYSICAL ABUSE** must have been manifested within the policy period. The **SEXUAL AND/OR PHYSICAL ABUSE**

30

380 106563 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

shall be deemed to have been manifested as of the earliest date that any element of the **SEXUAL AND/OR PHYSICAL ABUSE** took place, regardless of whether such **SEXUAL AND/OR PHYSICAL** abuse was continuous or progressive.

(b)     **EMPLOYEE** means any person, other than a **PERSON INSURED**, in your employment, including but not limited to persons with child caring responsibilities, attendants, janitors, bus drivers and volunteer workers.

(c)     **DAMAGES** means all damages, including damages for death, which are payable because of injury to which this insurance applies.

115.    On or around August 7, 2018, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale.  A true and correct copy of the relevant pages of the commercial insurance application (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) submitted to Scottsdale (the "2018 Application") is attached hereto as **EXHIBIT 30** and incorporated herein by reference.

116.    Within the 2018 Application, on the page Bates Stamped SIC001616, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

117.    Within the 2018 Application, on the page Bates Stamped SIC001617, under the section entitled "Signature, " reads in part:

THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

118.    The 2018 Application was signed by Gregory Holman and the insurance broker for the Fellowship and RVW, J. Michael Malloy.

119.    Based on its reliance upon the truthfulness and accuracy of the statements made in the 2018 Application and the previous insurance applications submitted by the Fellowship and

31

RVW, Scottsdale issued Policy No. CPS3071518 to the Fellowship and RVW (effective September 19, 2018 to September 19, 2019) (the "2018-2019 Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 04 13, subject to various endorsements. A true and correct copy of the 2018-2019 Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 31** and incorporated herein by reference as if set forth in full.

120.    The 2018-2019 Policy contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)), as well as the separate Sexual and/or Physical Abuse Liability Coverage Form (GLS-44s (9-16)), which provides limited coverage for claims involving sexual and/or physical abuse. Limits of liability under this form are $100,000.00 each claim, and $300,000.00 aggregate.

121.    On or around August 12, 2019, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale. A true and correct copy of relevant pages of the commercial insurance application (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) submitted to Scottsdale (the "2019 Application") is attached hereto as **EXHIBIT 32** and incorporated herein by reference as if set forth in full.

122.    Within the 2019 Application, on the page Bates Stamped SIC001813, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

> ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

123.    Within the 2019 Application, on the page Bates Stamped SIC001814, under the section entitled "Signature," reads in part:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION.

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

32

380 106583 4933-2764-8307 .v4

HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

124.    The 2019 Application was signed by Gregory Holman and the insurance broker for the Fellowship and RVW, J. Michael Malloy.

125.    Based on its reliance upon the truthfulness and accuracy of the statements made in the 2019 Application and the previous insurance applications submitted by the Fellowship and RVW, Scottsdale issued Policy No. CPS3255473 to the Fellowship and RVW (effective September 19, 2019 to September 19, 2020) (the "2019-2020 Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 04 13, subject to various endorsements.  A true and correct copy of the 2019-2020 Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 33** and incorporated herein by reference as if set forth in full.

126.    The 2019-2020 Policy contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)), as well as the separate Sexual and/or Physical Abuse Liability Coverage Form (GLS-44s (9-16)), which provides limited coverage for claims involving sexual and/or physical abuse.  Limits of liability under this form are $100,000.00 each claim, and $300,000.00 aggregate.

127.    On or around July 26, 2020, the Fellowship and RVW applied for another commercial insurance policy with Scottsdale.  A true and correct copy of the relevant pages of the commercial insurance application (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) submitted to Scottsdale ("2020 Application") is attached hereto as **EXHIBIT 34** and incorporated herein by reference as if set forth in full.

128.    Within the 2020 Application, on the page Bates Stamped SIC001997, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

33

380 106583 4933-2764-8307 .v4

1
2

> ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

3

129.    Within the 2020 Application, on the page Bates Stamped SIC001998, under the

4

section entitled "Signature," reads in part:

5
6
7
8

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

9

130.    The 2020 Application was signed by Gregory Holman and the insurance broker for

10

the Fellowship and RVW, J. Michael Malloy.

11

131.    Based on its reliance upon the truthfulness and accuracy of the statements made in

12

the 2020 Application and the previous insurance applications submitted by the Fellowship and

13

RVW, Scottsdale issued Policy No. CPS7235182 to the Fellowship and RVW (effective September

14

19, 2020 to September 19, 2021) (the "2020-2021 Policy"), and provided coverage to the Fellowship

15

and RVW under Standard Insurance Services Office Commercial General Liability Coverage form

16

CG OO 01 04 13, subject to various endorsements. A true and correct copy of the 2020-2021 Policy

17

(redacted to preserve privileges and privacy rights of confidential information of the Fellowship,

18

RVW and/or Scottsdale) is attached hereto as **EXHIBIT 35** and incorporated herein by reference

19

as if set forth in full.

20

132.    The 2020-2021 Policy contains the Sexual And/Or Physical Abuse Exclusion

21

(endorsement form GLS-45s (8-04)), as well as the separate Sexual and/or Physical Abuse Liability

22

Coverage Form (GLS-44s (9-16)), which provides limited coverage for claims involving sexual

23

and/or physical abuse.  Limits of liability under this form are $100,000.00 each claim, and

24

$300,000.00 aggregate.

25

133.    On or around July 15, 2021, the Fellowship and RVW applied for another

26

commercial insurance policy with Scottsdale.  A true and correct copy of the relevant pages of the

27

commercial insurance application (redacted to preserve privileges and privacy rights of confidential

28

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

34

information of the Fellowship, RVW and/or Scottsdale) submitted to Scottsdale (the "2021 Application") is attached hereto as **EXHIBIT 36** and incorporated herein by reference.

134.     Within the 2021 Application, on the page Bates Stamped SIC002197, under the section entitled "General Information," the Fellowship and RVW responded **"NO"** to the following question:

> ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING?

135.     Within the 2021 Application, on the page Bates Stamped SIC002198, under the section entitled "Signature," reads in part:

> THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE ENQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE CERTIFIES THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

136.     The 2021 Application was signed by Gregory Holman and the insurance broker for the Fellowship and RVW, J. Michael Malloy.

137.     Based on its reliance upon the truthfulness and accuracy of the statements made in the 2021 Application and the previous insurance applications submitted by the Fellowship and RVW, Scottsdale issued Policy No. CPS7437905 to the Fellowship and RVW (effective September 19, 2021 to September 19, 2022) ("2021-2022 Policy"), and provided coverage to the Fellowship and RVW under Standard Insurance Services Office Commercial General Liability Coverage form CG OO 01 04 13, subject to various endorsements.  A true and correct copy of the 2021-2022 Policy (redacted to preserve privileges and privacy rights of confidential information of the Fellowship, RVW and/or Scottsdale) is attached hereto as **EXHIBIT 37** and incorporated herein by reference as if set forth in full.

138.     The 2021-2022 Policy contains the Sexual And/Or Physical Abuse Exclusion (endorsement form GLS-45s (8-04)), as well as the separate Sexual and/or Physical Abuse Liability Coverage Form (GLS-44s (9-16)), which provides limited coverage for claims involving sexual

35

and/or physical abuse.  Limits of liability under this form are $100,000.00 each claim, and $300,000.00 aggregate.

139.    The 2005-2006 Policy, 2006-2007 Policy, 2007-2008 Policy, 2008-2009 Policy, 2009-2010 Policy, 2010-2011 Primary Policy, 2010-2011 Excess Policy, 2011-2012 Primary Policy, 2011-2012 Excess Policy, 2012-2013 Policy, 2013-2014 Policy, 2014-2015 Policy 2015-2016 Policy, 2016-2017 Policy, 2017-2018 Policy, 2018-2019 Policy, 2019-2020 Policy, 2020-2021 Policy and 2021-2022 Policy are hereinafter collectively referred to as the "Scottsdale Policies."

### THE UNDERLYING ACTIONS

140.    In 2023 and 2024, three lawsuits (the "Underlying Actions") were filed by 12 individuals (JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, JOHN ROE 6, JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, JOHN ROE 11, and JOHN ROE 12) alleging to have been sexually abused by Burton. The Underlying Actions also name the Fellowship and RVW as defendants.

### The Underlying Action Filed By JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6

141.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 allege that in 1971, Burton formed the Fellowship purportedly to teach and disseminate the philosophical concepts developed by the early 20th century writings of George Ivanov Gurdjieff (known as "The Fourth Way").  In reality, however, Burton created the Fellowship to serve his emotional, financial, and sexual needs.  Plaintiffs allege: "Since the incorporation of Defendant the Fellowship in 1971, Defendant Burton has intentionally targeted young, vulnerable male members to sexual abuse by way of his power, authority, and substantial influence and further, by way of Defendant the Fellowship and DOES 1-100's, Inclusive, perpetual and decades-long covering up, enabling, and aiding and abetting." (**EXHIBIT 1**, First Amended Complaint, ¶ 44.)

142.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 allege that the Fellowship, RVW, and Burton: "(1) [engaged] in fraudulent recruitment practices to induce prospective members to affiliate with defendants who imposed undue influence on them without their knowledge or consent; (2) [established] a vastly disproportional power

36

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

imbalance between defendant Burton and the members, including plaintiffs; (3) [established] a special relationship of trust, confidence, and reliance with members; (4) [imposed] undue influence and thought reform techniques to create and instill blind obedience within its members for defendant Burton; and (5) [threatened], and [followed] through with, punishment of members for any perceived disobedience. (**EXHIBIT 1**, First Amended Complaint, ¶ 31.)

143.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 allege that Burton was both the leader of the Fellowship as well as one of its employees. "Defendant Burton is, and has always solely been, the pinnacle of Defendant the Fellowship's pyramid hierarchical structure; known as the 'Teacher.' He is the spiritual leader, instructor, and advisor to all Defendant the Fellowship's members including, but not limited to, Plaintiffs herein." (**EXHIBIT 1**, First Amended Complaint, ¶ 12.)

144.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 allege that each of them was an active and participating member of the Fellowship, and that they were subjected to his manipulation and influence.  The aforementioned individuals further allege that "[t]he tactics of threats, menace, fear, manipulation, undue influence, and power imbalance, as well as Defendants' factual misrepresentations and omissions, caused Plaintiffs to lose their ability to think independently and they became increasingly subject to the domination, control, and undue influence practiced, implemented, and used by the Defendants. As a result, Plaintiffs were unable to consent to any sexual predations by Defendant Burton and were thus inordinately vulnerable to superior position and substantial influence." (**EXHIBIT 1**, First Amended Complaint, ¶ 36.)

145.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 further allege that as a consequence of this indoctrination and undue influence, Burton allegedly engaged in rampant sexual abuse of them. (**EXHIBIT 1**, First Amended Complaint, ¶ 37.)

146.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 allege that the Fellowship "not only knew of and covered up this rampant, unceasing sexual abuse by the 'Teacher' but also enabled, aided, and abetted it." (**EXHIBIT 1**, First Amended Complaint, ¶ 3.)

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 106583 4933-2764-8307 .v4

147.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 further allege that the Fellowship, RVW, and Burton, "specifically, but not limited to, Defendant the Fellowship – engaged in a concerted effort to hide information and evidence relating to both previous instances of Defendant Burton's sexual abuse of male members within the Fellowship and allegations of sexual abuse by Defendant Burton with male members in such a manner as to compel members, both victims and non-victims, to remain silent and further to prevent information from becoming public and from being disclosed to members, including Plaintiffs." (**EXHIBIT 1**, First Amended Complaint, ¶42.)

148.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 allege "[a]t all times, both pre- and post- the instances of sexual abuse suffered by Plaintiffs as alleged herein, Defendant the Fellowship, the Vineyard, their agents, officers, directors, and center directors, and DOES 1-100, Inclusive, had knowledge and notice of Defendant Burton's intentional targeting of young, vulnerable male members and enabled, covered up, aided, and abetted in this." (**EXHIBIT 1**, First Amended Complaint, ¶ 46.)

149.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 assert that on multiple occasions beginning as early as 1976, members of the Fellowship confronted its leadership to express concern about Burton's rampant sexual misconduct.  However, nothing was done.  In 1981, another Fellowship member and Board member wrote an open letter detailing Burton's long-standing abuse of young men. (**EXHIBIT 1**, First Amended Complaint, ¶ 55.)

150.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 further allege that other open letters were issued in 1994.  Based on these and other communications, "the Board of Directors and senior leadership of Defendant the Fellowship had knowledge and notice of Defendant Burton's deviant sexual propensities long before 1981; indeed, upon information and belief, since the origination of the Fellowship." (**EXHIBIT 1**, First Amended Complaint, ¶ 56.)

151.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 allege that between 2002 through 2005, the Fellowship, RVW, and Burton organized events

38

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

"wherein Defendant Burton would attempt, and did in fact attempt, to have sex with 100 men in a day; these were called 'Lovefests' and occurred on Valentine's Day.  Dorian Matei – Defendant Burton's heir-apparent – and other senior leadership members organized the event." (**EXHIBIT 1**, First Amended Complaint, ¶ 66.)

152.    JOHN ROE 1 was a member of the Fellowship from approximately 1971 through 1980.  Burton allegedly sexually abused him on several occasions beginning in 1976.

153.    JOHN ROE 2 was a member of the Fellowship from approximately 1971 through 1986.  Burton allegedly sexually abused him on several occasions between 1972 and 1976.

154.    JOHN ROE 3 was a member of the Fellowship from approximately 1974 through 1980.  Burton allegedly sexually abused him on several occasions between 1974 and 1975.

155.    JOHN ROE 4 was a member of the Fellowship from approximately 1979 through 1985.  Burton allegedly sexually abused him on several occasions between 1984 and 1985.

156.    JOHN ROE 5 was a member of the Fellowship from approximately 1977 through 1983.  Burton allegedly sexually abused him on several occasions between 1978 and 1979.

157.    JOHN ROE 6 was a member of the Fellowship from approximately 1997 through 2008.  Burton allegedly sexually abused him between 280 to 300 times from approximately 2000 through 2008.

158.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 seek damages from Burton, the Fellowship and RVW based on the rampant sexual abuse allegedly committed by Burton and with the knowledge, consent, and/or acquiescence of the Fellowship and RVW.

159.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, and JOHN ROE 6 seek damages in the Underlying Action based on the alleged acts and/or omissions of Burton, the Fellowship, and RVW.

/ / /

/ / /

/ / /

/ / /

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

**The Underlying Action Filed By JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, and JOHN ROE 11**

160.    JOHN ROE 7 was a member of the Fellowship from approximately 1990 through 2008.  Burton allegedly sexually abused him no less than seven times from approximately 1993 to 1994.

161.    JOHN ROE 8 was a member of the Fellowship from approximately 1999 through 2008.  Burton allegedly sexually abused him between five and 10 times between 2005 and 2007.

162.    JOHN ROE 9 was a member of the Fellowship from approximately 2011 through 2022.  Burton allegedly sexually abused him on 300 to 350 occasions from approximately 2011 through 2022.

163.    JOHN ROE 10 was a member of the Fellowship from approximately 2011 through 2022.  Burton allegedly sexually abused him on more than 200 times from approximately 2013 through 2019.

164.    JOHN ROE 11 was a member of the Fellowship from approximately 1993 through 1996.  Burton allegedly sexually abused him on approximately 30 occasions from 1994 through 1996.

165.    JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, and JOHN ROE 11 also allege that "[i]n direct consequence of such deception, coercive persuasion, brainwashing/indoctrination, and undue influence, Defendant Burton used Plaintiffs, among hundreds – if not thousands – of other young men in order to satisfy his uncontrollable compulsion to engage in sexual conduct with scores of men.  [The Fellowship and RVW] knew of this;  not only covering up for Defendant BURTON but also further knowingly aiding and abetting him in his rampant and unending sexual abuse of THE FELLOWSHIP men." (**EXHIBIT 2**, Complaint, ¶ 38.)

166.    JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, and JOHN ROE 11 further allege that "[s]ince the incorporation of Defendant THE FELLOWSHIP in 1971, Defendant BURTON has intentionally targeted young, vulnerable male members to sexually abuse by way of his power, authority, and substantial influence and further, by way of Defendant THE

40

FELLOWSHIP and DOES 1-100s' Inclusive, perpetual and decades-long covering up, enabling, and aiding and abetting." (**EXHIBIT 2**, Complaint, ¶ 45.)

167.     JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, and JOHN ROE 11 seek damages from Burton, the Fellowship, and RVW based on the "rampant sexual abuse" allegedly committed by Burton and with the knowledge, consent, and/or acquiescence of the Fellowship and RVW.

168.     JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, and JOHN ROE 11 seek damages in the Underlying Action based on the alleged acts and/or omissions of Burton, the Fellowship, and RVW.

### The Underlying Action Filed By JOHN ROE 12

169.     JOHN ROE 12 alleges he was a member of the Fellowship from approximately 2001 through 2008.  He alleges that Burton sexually abused him on 30 to 50 occasions from approximately 2006 through 2007.

170.     JOHN ROE 12 also alleges that "[i]n direct consequence of such deception, coercive persuasion, brainwashing/indoctrination, and undue influence, Defendant Burton used Plaintiffs, among hundreds – if not thousands – of other young men in order to satisfy his uncontrollable compulsion to engage in sexual conduct with scores of men.  [The Fellowship and RVW] knew of this;  not only covering up for Defendant BURTON but also further knowingly aiding and abetting him in his rampant and unending sexual abuse of THE FELLOWSHIP men."  (**EXHIBIT 3**, Complaint, ¶ 38.)

171.     JOHN ROE 12 further alleges that "[s]ince the incorporation of Defendant THE FELLOWSHIP in 1971, Defendant BURTON has intentionally targeted young, vulnerable male members to sexually abuse by way of his power, authority, and substantial influence and further, by way of Defendant THE FELLOWSHIP and DOES 1-100s' Inclusive, perpetual and decades-long covering up, enabling, and aiding and abetting." (**EXHIBIT 3**, Complaint, ¶ 45.)

172.     JOHN ROE 12 seeks damages from Burton, the Fellowship and RVW based on the rampant sexual abuse allegedly committed by Burton and with the knowledge, consent, and/or acquiescence of the Fellowship and RVW.

41

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

173.    JOHN ROE 12 seeks damages in the Underlying Action based on the alleged acts and/or omissions of Burton, the Fellowship, and RVW.

174.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, JOHN ROE 6, JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, JOHN ROE 11, and JOHN ROE 12 further allege, based upon information and belief, "in approximately 1976, a female member confronted Miles Barth, who, at all relevant times, was Defendant BURTON's second-in-command and a Board Member, about the rumors of sexual activity between Defendant BURTON—who publicly claimed he was celibate – and his vulnerable students.  Miles Barth did nothing and the abuse continued."

175.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, JOHN ROE 6, JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, JOHN ROE 11, and JOHN ROE 12 further allege, based upon information and belief, "Lisa Kaplan (also known as Belinda Rockwood), who was a member in a senior leadership position, enabled Defendant BURTON'S sexual assaults of male members.  When a female member confronted Linda Kaplan over concerns for the male members' well-being, Linda replied, 'Why is this bothering you all of a sudden? This has been going on for years.' Linda Kaplan did nothing and the abuse continued."

176.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, JOHN ROE 6, JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, JOHN ROE 11, and JOHN ROE 12 further allege, based upon information and belief, "Lisa Kaplan (also known as Belinda Rockwood), who was a member in a senior leadership position, enabled Defendant BURTON'S sexual assaults of male members.  When a female member confronted Linda Kaplan over concerns for the male members' well-being, Linda replied, 'Why is this bothering you all of a sudden? This has been going on for years.' Linda Kaplan did nothing and the abuse continued."

177.    JOHN ROE 1, JOHN ROE 2, JOHN ROE 3, JOHN ROE 4, JOHN ROE 5, JOHN ROE 6, JOHN ROE 7, JOHN ROE 8, JOHN ROE 9, JOHN ROE 10, JOHN ROE 11, and JOHN ROE 12 further allege, based upon information and belief, that the entire Board of Directors of the Fellowship was aware by 1981 that Burton was "engaging in sexual relations with his vulnerable students."

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

### Scottsdale's Defense Of The Fellowship And RVW Under Reservation of Rights

178.    The Fellowship and RVW tendered their defense and indemnification of the Underlying Actions to Scottsdale under one or more of the Scottsdale Policies.  By a letter dated April 11, 2024, Scottsdale agreed to provide a defense on behalf of the Fellowship and RVW against the Underlying Actions, subject to a reservation of rights.  However, Scottsdale disclaimed any duty to defend or indemnify Burton.  A true and correct copy of Scottsdale's position letter is attached hereto as **EXHIBIT 38,** which is hereby incorporated by reference as if set forth in full herein.

### The Fellowship's And RVW's Material Omissions and Misrepresentations

179.    In the course of its coverage investigation related to the Fellowship's and RVW's tender of defense an indemnification of the Underlying Actions, Scottsdale learned that the Fellowship and RVW made material omissions and misrepresentations in each of their insurance applications.  Specifically, the Fellowship and RVW repeatedly and unequivocally stated that they were unaware of "*any* past losses or claims relating to sexual abuse or molestation…"  Based on these representations, Scottsdale agreed to issue the Scottsdale Policies to the Fellowship and RVW.

180.    Scottsdale's investigation has revealed that contrary to the Fellowship's and RVW's contentions, the Fellowship and RVW were aware of multiple prior claims involving sexual abuse.

181.    In 1984, Samuel L. Sanders ("Sanders"), a former member of the Fellowship and former member of its Board of Directors, filed a $2.75 million lawsuit against the Fellowship and several members of its Board of Directors claiming that young men who joined the organization had been "forcefully and unlawfully sexually seduced" by Burton.  Attached as **EXHIBIT 39** is a true and correct copy of Sanders' Complaint filed on June 6, 1984 in an action entitled *Samuel L. Sanders v. Fellowship of Friends, Inc., et al.,* Yuba County Superior Court Case No. 36987 (the "Sanders Complaint").  Without admitting the truth of any of the allegations contained in the Sanders Complaint attached hereto as **EXHIBIT 39**, Scottsdale hereby incorporates by reference all allegations contained in the Sanders Complaint as if set forth herein in full.

182.    Sanders alleged that "[d]uring or about the month of November, 1983, plaintiff was reliably informed for the first time that the defendant Burton was a sexual pervert and was unlawfully preying upon and doing injury to young men who were members of the defendant

43

corporation." (**EXHIBIT 39**, Sanders Complaint, ¶ 11.)

183.    Sanders further alleged that after a March 4, 1984 board meeting, "plaintiff was astounded to learn for the first time that several members of the board of directors had known of the defendant Burton's sexual activities and conquests within the membership of the defendant corporation for a significant period of time and had actually aided and abetted such acts." (**EXHIBIT 39**, Sanders Complaint, ¶ 12.)

184.    Scottsdale is informed and believes and thereon alleges that the Sanders lawsuit was settled in exchange for a monetary payment on or around June 6, 1988.

185.    The Fellowship and RVW at no time informed Scottsdale of the Samuel Sanders lawsuit, even though the applications expressly asked for any and all information regarding "*any past losses or claims relating to sexual abuse or molestation…*"  There is no time limitation on the question.

186.    At the time that the Fellowship and RVW submitted their 2005 Application to Scottsdale, and at the time of their subsequent applications submitted to Scottsdale, the Fellowship and RVW had knowledge of the allegations of sexual abuse and molestation asserted in the Complaint filed by Sanders against the Fellowship and RVW in 1984. (**EXHIBIT 39**).

187.    On April 29, 1996, several years before the Fellowship and RVW submitted their first application for insurance to Scottsdale, Fellowship member, Troy Buzbee ("Buzbee"), filed a lawsuit (Yuba County Sup. Ct. No. 060209) against the Fellowship, Robert Burton, and others, expressly alleging sexual misconduct by Burton.  A true and correct copy of the Buzbee Complaint is attached hereto as **EXHIBIT 40**.  Without admitting the truth of any of the allegations contained in the Buzbee Complaint, Scottsdale hereby incorporates by reference all allegations contained in the Buzbee Complaint as if set forth herein in full.

188.    Buzbee, a member of the Fellowship from 1976 through May 1994, alleged "[i]n direct consequence of such deception, coercive persuasion, brainwashing and undue influence, Defendant Burton used Plaintiff, among hundreds of other young men, for the partial gratification of his satyriasis, an uncontrollable compulsion to engage in sexual conduct with scores, if not hundreds, of men…Said exploitation continued off and on until the time when Plaintiff terminated

44

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

his membership with Defendant corporation in August 1994." (**EXHIBIT 40**, Buzbee Complaint, ¶ 16.)

189.    The Buzbee Complaint included causes of action for (1) Fraud; (2) Intentional Infliction of Emotional Distress; (3) Negligent Infliction of Emotional Distress; (4) Breach of Fiduciary Duty; (5) Negligent Supervision; (6) Sexual Misconduct with a Minor; (7) Sexual Harassment; (8) Wrongful Discharge; (9) Negligence; (10) Failure to Pay Minimum Wage; and (11) Battery.

190.    Scottsdale is informed and believes and thereon alleges that the Buzbee lawsuit was settled in exchange for a monetary payment in or around November 1996.

191.    The Fellowship and RVW at no time informed Scottsdale of the Buzbee lawsuit, even though the applications expressly asked for any and all information regarding "*any* past losses or claims relating to sexual abuse or molestation…"  There is no time limitation on the question.

192.    At the time that the Fellowship and RVW submitted their 2005 Application to Scottsdale, and at the time of their subsequent applications submitted to Scottsdale, the Fellowship and RVW had knowledge of the allegations of sexual abuse and molestation asserted in the Complaint filed by Buzbee against the Fellowship and RVW in 1996. (**EXHIBIT 40**).

193.    Despite the Fellowships' and RVW's awareness of sexual abuse claims alleged in the Sanders lawsuit and the Buzbee lawsuit, they concealed that information from their insurance applications.  Had Scottsdale been made aware of the aforementioned claims, or any of them, it would not have issued the Scottsdale Policies.

## FIRST CAUSE OF ACTION

### Rescission

194.    Scottsdale repeats and incorporates by reference Paragraphs 1 through 192 above, in their entirety, as though fully set forth herein.

195.    California Code of Civil Procedure §1689 provides that a party to a contract may rescind the contract under the circumstances provided for in California Insurance Code §§ 331, 338, 359, 447, 1904 and 2030.

196.    California Insurance Code §331 provides as follows:

45

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

> **Effect of Concealment.** Concealment, whether intentional or unintentional, entitles the party to rescind insurance.

197.    California Insurance Code §359 provides as follows:

> **Effect of Material False Representation.** If a representation is false in a material point, whether affirmative or promissory, the injured party is entitled to rescind the contract from the time the representation becomes false.

198.    The Fellowship and RVW submitted multiple insurance applications to Scottsdale. In each of those applications, the Fellowship and RVW answered "NO" to the question of whether they were aware of any past losses or claims relating to sexual abuse or molestation. The Fellowship's and RVW's responses were not true, as they were aware of the Sanders lawsuit and the Buzbee lawsuit, and other sexual abuse and molestation claims long before submitting their first application to Scottsdale in 2005.

199.    The question in the Scottsdale insurance applications inquiring regarding past losses or claims relating to sexual abuse or molestation did not contain any temporal limitations.

200.    Scottsdale reasonably relied on the representations in the Fellowship's and RVW's applications at the time it was determining whether to issue the Scottsdale Policies to the Fellowship and RVW.

201.    Scottsdale issued each of the Scottsdale Policies as a direct result of the Fellowship's and RVW's concealment and material misrepresentations. If Scottsdale had known about the prior claims of sexual abuse, or any of them, it would never have issued any of the Scottsdale Policies.

202.    Scottsdale became aware of the Fellowship's and RVW's concealment and material misrepresentations after the tendered the Underlying Actions to Scottsdale.

203.    Since being informed of the Underlying Actions, Scottsdale has performed its obligations under the Scottsdale Policies.

204.    As a result of the Fellowships' and RVW's concealment, misrepresentations, and/or failure to disclose facts and information truthfully, Scottsdale is entitled to rescind all of the Scottsdale Policies.

205.    Service of this Complaint shall be deemed to constitute Scottsdale's notice of its intent to rescind the Scottsdale Policies and of its offer to repay the premium received for the

46

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

Scottsdale Policies.

## SECOND CAUSE OF ACTION

### Declaratory Relief—Rescission

206.    Scottsdale repeats and incorporates by reference Paragraphs 1 through 205 paragraphs above, in their entirety, as though fully set forth herein.

207.    An actual, present, and bona fide controversy now exists between Scottsdale and defendants regarding their respective rights, duties, and obligations under the Scottsdale Policies with respect to the Underlying Actions, and regarding Scottsdale's entitlement to rescind the Scottsdale Policies.

208.    Scottsdale has no adequate remedy at law to resolve the controversy.

209.    A judicial declaration is necessary to establish the parties' rights and duties with respect to the Scottsdale Policies.

210.    Scottsdale seeks a declaration that the Scottsdale Policies are subject to rescission, extinguished *ab initio*, and void and unenforceable by any party from the outset.  Scottsdale also seeks a declaration that it never had a duty to provide a defense and/or indemnification to the Fellowship and RVW in the Underlying Actions, and that it therefore is entitled to recoup all defense fees and costs incurred in the Underlying Actions, and any indemnification payments made on behalf of the Fellowship and RVW.

211.    Scottsdale is informed and believes, and based thereon alleges, that defendants dispute the foregoing contentions.

## THIRD CAUSE OF ACTION

### Declaratory Relief – No Duty to Defend

212.    Scottsdale repeats and incorporates by reference Paragraphs 1 through 211 above, in their entirety, as though fully set forth herein.

213.    Scottsdale issued the Scottsdale Policies as a result of the Fellowship's and RVW's concealment and/or material misrepresentations in their applications for insurance.  If Scottsdale had known the true facts, it would not have issued the Scottsdale Policies.

214.    Rescission of the Scottsdale Policies places each party into the position they were in

47

380 106583 4933-2764-8307 .v4

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

1    prior to issuance of the Scottsdale Policies.

2    215.    As the Scottsdale Policies are subject to rescission, Scottsdale never had an

3    obligation to defend the Fellowship and RVW in the Underlying Actions under the Scottsdale

4    Policies, as the Scottsdale Policies are considered void *ab initio*, i.e., as if the Scottsdale Policies

5    never existed as a matter of law.

6    216.    Under California Civil Code §1691(b), the parties must restore "everything of value"

7    they received under a policy, i.e., the consideration or benefits made to each other.

8    217.    Scottsdale is defending the Fellowship and RVW in the Underlying Actions pursuant

9    to a full and complete reservation of rights, including, but not limited to the right to recover any

10    defense expenses incurred by Scottsdale for non-covered claims asserted against the Fellowship and

11    RVW in the Underlying Actions.

12    218.    Scottsdale is entitled to reimbursement from the Fellowship and RVW for the entire

13    amount Scottsdale paid in defending the Fellowship and RVW, plus pre-judgment interest, minus

14    any premium paid by the Fellowship and RVW to Scottsdale.

15    219.    Scottsdale is informed and believes, and based thereon alleges, that defendants

16    dispute the foregoing contentions.

17    **FOURTH CAUSE OF ACTION**

18    **Declaratory Relief – No Duty to Indemnify**

19    220.    Scottsdale repeats and incorporates by reference Paragraphs 1 through 219 above, in

20    their entirety, as though fully set forth herein.

21    221.    Scottsdale contends it has no duty to indemnify the Fellowship and RVW in the

22    Underlying Actions, as a matter of law.

23    222.    Scottsdale is informed and believes, and based thereon alleges, that defendants

24    dispute the foregoing contention.

25    223.    An actual controversy has arisen and now exists between Scottsdale, on the one hand,

26    and defendants, on the other hand, with respect to whether Scottsdale has a duty to indemnify the

27    Fellowship and RVW in the Underlying Actions.

28    224.    Scottsdale does not have an adequate remedy at law.  A judicial declaration is

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

1    necessary to establish the parties' rights under the Scottsdale Policies.

2    225.    Given the above stated controversy, Scottsdale respectfully requests a judicial

3    determination and declaratory judgment that Scottsdale is not obligated under the Scottsdale Policies

4    to indemnify the Fellowship and RVW in the Underlying Actions.  Further, to the extent Scottsdale

5    pays any portion of a settlement or judgment in the Underlying Actions, it is entitled to recoup said

6    payments from the Fellowship and RVW.

7    **PRAYER FOR RELIEF**

8    WHEREFORE, Scottsdale prays for judgment as follows:

9    1.    With respect to the First Cause of Action, for judgment in favor of Scottsdale

10    establishing that each of the Scottsdale Policies is void *ab initio*, that it never had a duty to provide

11    a defense or indemnification on behalf of the Fellowship and RVW in the Underlying Actions, and

12    that it is therefore entitled to recover all legal fees, costs and indemnification payments made on

13    behalf of the Fellowship and RVW;

14    2.    With respect to the Second Cause of Action, for a judicial declaration in favor of

15    Scottsdale establishing that each of the Scottsdale Policies is void *ab initio,* that it never had a duty

16    to provide a defense or indemnification on behalf of the Fellowship and RVW in the Underlying

17    Actions, and that it is therefore entitled to recover all legal fees, costs and indemnification payments

18    made on behalf of the Fellowship and RVW;

19    3.    With respect to the Third Cause of Action, for a judicial declaration that Scottsdale

20    never had a duty to defend the Fellowship and RVW with respect to the Underlying Actions, and an

21    order compelling the Fellowship and RVW to pay Scottsdale all legal fees and costs incurred by

22    Scottsdale in the defense of the Underlying Actions;

23    4.    With respect to the Fourth Cause of Action, for a judicial declaration in favor of

24    Scottsdale establishing that each of the Scottsdale Policies is void ab initio, that it never had a duty

25    to provide indemnification on behalf of the Fellowship and RVW in the Underlying Actions, and

26    that it is therefore entitled to recover all indemnification payments made on behalf of the Fellowship

27    and RVW;

28    / / /

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 106583 4933-2764-8307 .v4

5.    For a judicial declaration that defendants, and each of them, be bound by the findings, rulings, and order of this Court with respect to the Scottsdale Policies.

6.    For costs of suit, including attorneys' fees incurred herein; and

7.    For such other and further relief as the Court may deem just and proper.

DATED:  June 24, 2025

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP

By:    _____
WENDY M. SCHENK
SHERYL W. LEICHENGER
Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

50

380 106583 4933-2764-8507 .v4